UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BFC–BSI, LLC, et al.,

       Plaintiffs,

File No. 1:13-cv-1191

v.

HON. ROBERT HOLMES BELL

BEST SECURITY ACQUISITION, LLC, et al.,

       Defendants.

                                                /

## OPINION AND ORDER

      This is a diversity case involving a series of corporate transactions, alleging five counts of relief under various state-law theories of liability. (*See generally* Compl., Dkt. No. 1.) On January 15, 2014, this Court issued an Order to Show Cause to Plaintiffs, instructing them to submit a jurisdictional statement demonstrating complete diversity of citizenship. Having reviewed the statement Plaintiffs submitted (Pls.' Resp., Dkt. No. 18) the Court holds that it lacks subject matter jurisdiction under 28 U.S.C. § 1332.

      "The general rule is that all unincorporated entities . . . have the citizenship of each partner or member." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). For this Court to have subject matter jurisdiction, complete diversity of the litigants is mandated. *See Caudill v. N. Am. Media Corp.*, 200 F.3d 914, 916 (6th Cir. 2000). The jurisdictional statement lists twenty-four individuals as members of Plaintiff BFC-BSI. One of those persons is Charlie O'Flaherty, who is a citizen of Florida. One of the persons listed as a member of Defendant Best Security Acquisitions, LLC, is John A. Millspaugh, also a citizen of Florida. Numerous other members of Plaintiff and Defendant entities are likewise "paired."[1] Because certain plaintiffs and defendants are

---

[1] There are also persons from Michigan, Minnesota, and New York that are members, respectively of Plaintiff and Defendant entities.

citizens of the same state, complete diversity does not exist.

Plaintiffs also refer in their filing to a stipulated order to dismiss without prejudice all defendants except Convergent Capital Partners II, L.P. ("Convergent"). This stipulated order was not filed, and is therefore not before the Court. However, even if Defendant Convergent were the only defendant in this case, there would still not be complete diversity.

Plaintiffs assert in their jurisdictional statement that the General Partner of Convergent Capital Partners II, L.P., is Convergent Capital Partners II, L.P. (*Id.*) Whether Plaintiffs mean to assert that Defendant Convergent is its own General Partner is irrelevant to the Court's Opinion. The statement goes on to say, "[t]he limited partners of Convergent Capital Partners II, L.P. are unknown to Plaintiffs. . ." (*Id.*)

In making a determination of what state an unincorporated entity is a citizen, the Court is required to look to "all the members," including general and limited partners. *Carden v. Arkoma Associates*, 494 U.S. 185, 195 (1990) (quoting *Chapman v. Barney*, 129 U.S. 677, 682 (1889)). Because Plaintiff has not (1) alleged the citizenship of each member or partner of Defendant Convergent, and then (2) demonstrated complete diversity, this Court cannot exercise subject matter jurisdiction over the case.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' complaint (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE.**

Dated: February 14, 2014                /s/ Robert Holmes Bell
                                        ROBERT HOLMES BELL
                                        UNITED STATES DISTRICT JUDGE